11-660-cr(L)
United States v. Zaleski

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of July, two thousand twelve.

PRESENT:   JON O. NEWMAN,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

-------------------------------------------------

UNITED STATES OF AMERICA

            *Appellee,*

            v.                          Nos. 11-660-cr(L), 11-1888-cr(CON)

ALAN ZALESKI,

            *Defendant-Appellant.*

-------------------------------------------------

FOR APPELLANT:          WILLIAM T. KOCH, JR., Lyme, CT.

FOR APPELLEE:           STEPHEN B. REYNOLDS, PAUL A. MURPHY,
                        Assistant United States Attorneys (Sandra S.
                        Glover, Assistant United States Attorney, <u>of</u>
                        <u>counsel</u>, <u>on the brief</u>), <u>for</u> David B. Fein, United
                        States Attorney, District of Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Ellen Bree Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant was convicted of fifteen counts of possessing machine guns, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), one count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B), and twelve counts of possessing firearms, silencers, and destructive devices that were not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  The District Court sentenced Zaleski principally to 101 months' imprisonment.  On appeal, he argues that (1) evidence seized from his home was the fruit of an unconstitutional custodial interrogation, (2) the Second Amendment protects a right to possess machine guns, (3) the sentence imposed was procedurally and substantively unreasonable, and (4) the District Court erroneously denied his motion for an order permitting the transfer and liquidation of certain seized firearms that he lawfully possessed before his conviction or, alternatively, requiring an appraisal of those items to enable him to seek damages for their full value.  We decide the first three issues of the appeal in this summary order, and we address Zaleski's appeal with respect to the fourth issue in an opinion filed simultaneously with this summary order.  We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

Because Zaleski was not in custody when he was questioned by law enforcement officers and requested to speak with an attorney, we reject his argument that the stockpile of weapons and other evidence seized from his home resulted from an illegal custodial interrogation.  See, e.g., McNeil v. Wisconsin, 501 U.S. 171, 178-79 (1991); United States v. FNU LNU, 653 F.3d 144, 153-55 (2d Cir. 2011).

We also reject Zaleski's argument based on the Second Amendment. Regardless of his membership in the unorganized militia of the State of Connecticut, the Second Amendment does not protect Zaleski's personal possession of machine guns. See District of Columbia v. Heller, 554 U.S. 570, 624-25 (2008) ("[T]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.").

Finally, after reviewing the transcript of the sentencing proceedings and the other materials relating to sentencing, we can identify no procedural error in the District Court's imposition of a term of imprisonment of 101 months, which fell within the applicable Guidelines range, and which rested on the court's calculation of the Guidelines and consideration of the other factors listed in 18 U.S.C. § 3553(a). We also reject Zaleski's argument that his sentence was substantively unreasonable.

We have considered Zaleski's remaining arguments that are not the subject of the opinion we issue simultaneously with this summary order, and we conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3